UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JULIA S. BRAINERD,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | CAUSE NO: 1:21-CV-03069 |
| COMPASS GROUP USA,<br>INCORPORATED | )<br>)<br>)<br>) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JULIA BRAINERD, hereafter Plaintiff, by counsel, pursuant to Rule 3 of the Federal Rules of Civil Procedure, and files herein her Complaint against the Defendant, COMPASS GROUP USA, INCORPORATED and shows the Court as follows:

**JURISDICTION AND VENUE**

1. This suit is brought, and jurisdiction lies pursuant to §28 U.S.C. § 1331. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C §12101 *et. seq.*

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims for negligence arise out of the same transaction or occurrence that

is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff is a citizen of the United States and is a qualified employee under 42 U.S.C §12111(4).

5. At all times relevant hereto, Plaintiff was an "employee" of the Defendant.

6. The Defendant is a qualified employer as the term is defined in 42 U.S.C. §12111(5).

7. Defendant is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

8. On or about July 27, 2020, Plaintiff filed charges of discrimination alleging violations of the ADA with the Equal Employment Opportunities Commission ("EEOC"), Charge Number 470-2020-02751.

9. On or about November 5, 2021, Plaintiff sent a request for a Notice of Right to Sue from EEOC for Charge Number 470-2020-02751, as over 180 days had passed since filing with EEOC.

10. On or about November 30, 2021, Plaintiff received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-02751, entitling her to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "1".

11. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

12. The Defendant hired Plaintiff on or about February 5, 2019, as an Environmental Services Manager.

13. Throughout her employment with Defendant, Plaintiff met or exceeded Defendant's legitimate expectation of performance.

14. On or about June 13, 2019, Plaintiff was injured at work when she hit her head on a television and suffered a concussion.

15. Following her injury, Plaintiff's injury was determined to be compensable under worker's compensation and Plaintiff was off work for her authorized worker's compensation treatment.

16. During her leave from work, Plaintiff's job duties were absorbed by the Dietary Manager for Defendant, and her former co-worker became the general manager of dietary and environmental services.

17. On or about July 12, 2019, Plaintiff requested FMLA, but was told by Defendant that she did not qualify.

18. Plaintiff was subsequently place on medical leave.

19. While on medical leave Plaintiff was diagnosed with Multiple Sclerosis, which her doctors believed to have been triggered by her work-place injury.

20. In August of 2019, Plaintiff was released by her doctor to return to work, with medical restrictions.

21. Defendant failed to accommodate Plaintiff's necessary medical restrictions and she was again placed on medical leave.

22. In February of 2020, Plaintiff received updated medical restrictions and contacted Defendant about returning to work.

23. Defendant failed to accommodate Plaintiff's necessary medical restrictions and she was again placed on medical leave.

24. In May of 2020, Plaintiff received a letter from Defendant stating she had been discharged for failing to submit medical documentation.

25. Plaintiff contacted Defendant's human resources department and was told the letter was a mistake and she should not have received it.

26. In July of 2020, Plaintiff again contacted Defendant about returning to work, with medical restrictions.

27. Defendant failed to accommodate Plaintiff's necessary medical restrictions and she was again placed on medical leave.

28. Plaintiff's position was listed online as available for open application.

29. Plaintiff was not reinstated to her position as Environmental Services Manager.

30. Plaintiff was told she would need to apply for open positions and would not be reinstated.

31. Plaintiff has not held an active job for Defendant since August 2019.

## COUNT I

### DISCRIMINATION ON THE BASIS OF DISABILITY

32. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-one (31) as though previously set out herein.

33. At all times relevant to this action, Plaintiff was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and §12111.

34. The conduct as described hereinabove constitutes discrimination based on Plaintiff's disability.

35. The Defendant willfully and intentionally failed to accommodate Plaintiff's disability.

36. Defendant intentionally and willfully discriminated against Plaintiff because she is disabled and/or because Plaintiff has a record of being disabled and/or because Defendant regarded Plaintiff as disabled.

37. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

38. Defendant's actions were intentional, willful and in reckless disregard of Defendant's unlawful actions.

39. Plaintiff has suffered emotional and economic damages as a result of Defendant's unlawful actions.

40. Plaintiff asserts a claim against the Defendant for a violation of his rights under the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Julia Brainerd, respectfully requests that this Court enter judgment in her favor and:

    a. Order Defendant to pay Plaintiff lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay lost future wages

g. Pay All costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post-judgment interest;

i. Provide to Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Julia Brainerd, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Leah N. Miller*
Leah Miller #36903-29
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
Phone:(317) 846-8999
Fax: (317) 843-1991
LeahM@getstewart.com
Attorneys for Plaintiff,
Julia Brainerd